IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JARED O'BRIEN,           )
                         )
        Plaintiff,       )
                         )
v.                       )   1:22-cv-00455
                         )
AVI-SPL, LLC,            )
                         )
        Defendant.       )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.

Plaintiff Jared O'Brien ("Plaintiff") was employed in a sales position as an Account Manager by Defendant AVI-SPL, LLC ("Defendant"), from February 5, 2018 till his termination on March 1, 2021. Plaintiff signed a Sales Compensation Plan (the "Plan(s)") each year he was employed by Defendant.

The Plans contained terms on how sales commissions would be paid by Defendant to Plaintiff and provided for a flat base salary. The Plans also provided for how the payment of commissions would be handled if an employee were terminated. The Plans stated commissions would only be paid "...if at the time of separation, the sales have achieved 100% Billed/100% Paid

1

status." The Plans further state, "[e]mployees who separate with the Company for reasons other than a reduction in force will not earn or be paid additional commissions after the last date of employment."

The Plans Plaintiff signed each year also included a term stating: "I have read and understand the contents of this [Sales Plan] and the terms by which I will receive compensation." During the time each Plan was in place, Defendant chose not to alter the terms and continuously paid Plaintiff in accordance with those terms.

On the date of Plaintiff's termination, March 1, 2021, there were sales made by Plaintiff which were not 100% paid by customers yet. Defendant did not pay Plaintiff those commissions.

Defendant also had a policy regarding training and tuition reimbursement for employees in good standing. Plaintiff took two courses that began January 11, 2021 and ended March 19, 2021. On January 21, 2021, Plaintiff submitted two forms to Defendant for tuition reimbursement authorization for $4,000. Defendant denied the reimbursement authorization forms because Plaintiff was no longer an employee in good standing when the courses were complete.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is

2

no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). This Court finds this case is ripe for summary judgment.

Plaintiff asserts two claims in the Complaint. First, a claim for quantum meruit and second, a claim for breach of contract. The quantum meruit claim seeks to recover commissions Plaintiff argues is owed to him by Defendant. The breach of contract claim seeks to recover tuition reimbursement Plaintiff argues is owed by Defendant for courses taken.

A claim for quantum meruit is appropriate "[w]here service is performed by one, at the instance and request of another, and...nothing is said between the parties as to compensation for such service, the law implies a contract, that the party who performs the service shall be paid a reasonable compensation therefor." T. Musgrove Constr. Co. v. Young, 298 Va. 480, 485, 840 S.E.2d 337, 340-41 (2020) (citations omitted). Recovery in

3

quantum meruit is also available when "(1) the parties contract for work to be done, but the parties did not agree on a price, (2) the compensation mentioned is too indefinite, (3) there is a misunderstanding as to the price to be paid, or, (4) in some instances, the contract is void and of no effect." Id. (citing Marine Dev. Corp. v. Rodak, 225 Va. 137, 140-41, 300 S.E.2d 763 (1983)).

A party cannot obtain quantum meruit relief if there is an express contract between the parties that governs the subject matter at issue. See Pennsylvania Elec. Coil, Ltd. v. City of Danville, 329 F. App'x 399, 404 (4th Cir. 2009). When a contract exists, the parties look to the terms of the contract to determine compensation. Id.

In Schwam, the Fourth Circuit Court of Appeals held that a similar compensation plan to the one at issue constituted an express contract that determined compensation between the parties and thus, a claim for unjust enrichment was unavailable. See Schwam v. XO Communs., Inc., 2006 WL 6884392 (4th Cir. Mar. 24, 2006). The Circuit Court also stated that a party reserving the right to "amend, modify, interpret, or terminate the [contract] at any time" does not render an agreement unenforceable due to lack of mutuality. Because "the prevailing rule that 'the test of mutuality of obligation of a contract is to be applied not as of the time when the promises are made but

4

as of the time when the contract is sought to be enforced,'" post-formation actions showing intent to be bound by the agreement demonstrate mutuality. See Schwam.

While in the present case Plaintiff seeks quantum meruit recovery, Schwam's test for whether an express contract exists still applies. The relevant Plans for purposes of analyzing the quantum meruit claim and determining whether there was an express contract are the 2020 and 2021 Plans because those were the Plans in place at the time Plaintiff claims he is owed commission from.

There are no facts to support the arguments that Plaintiff misunderstood the terms of the Plans or that the Plans are too indefinite. The Plans make clear that when an employee is terminated by the Defendant, the terminated employee only receives commission if "the sales have achieved 100% Billed/100% Paid status." Further, Plaintiff's deposition testimony and his own actions in accordance with the Plans throughout his employment show there was no misunderstanding as to the terms.

The Plans constitute express contracts that govern the terms for which a terminated employee is to receive commission payments. Accordingly, quantum meruit relief is not available to Plaintiff. The sales commissions Plaintiff argues he is entitled to recover under quantum meruit were not 100% paid by the customers on March 1, 2021, the date of Plaintiff's termination.

5

Thus, Plaintiff is not entitled to those commissions according to the express terms of the Plans.

As to Plaintiff's second claim for breach of contract, Plaintiff failed to defend the claim in his Opposition to Defendant's Motion for Summary Judgement. Moreover, Plaintiff's counsel stated during the hearing before the Court that they were no longer proceeding with that claim. Defendant has properly made a motion for summary judgement which means the burden has shifted to Plaintiff to show a genuine dispute of material fact. Reviewing Defendant's uncontested Motion as to the breach of contract claim, there are no facts to support there was an enforceable contract between the parties as to the tuition reimbursement policy.

The Commonwealth of Virginia sets forth three necessary elements of a breach of contract claim: (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant breached such obligation; and (3) the plaintiff was injured because of defendant's breach. See Cyberlock Consulting, Inc. v. Info. Experts, Inc., 939 F. Supp. 2d 572, 578 (E.D. Va. 2013) (citing Ulloa v. QSP, Inc., 271 Va. 72, 79 (2006)).

An enforceable agreement is the basis for a breach of contract claim. There are no facts brought forth to create a question of fact as to whether this policy is an enforceable agreement and Plaintiff does not address this claim in his Opposition, thus fails

to meet his burden. Defendant's tuition reimbursement policy is not an enforceable agreement.

Further, the tuition reimbursement policy only covered an employee's coursework if it was completed during employment. Plaintiff was terminated March 1, 2021 and then finished his coursework on March 19, 2021. Plaintiff himself admitted in his deposition that the tuition policy only covered coursework completed while he was an employee.

For the foregoing reasons, Defendant's Motion for Summary Judgment should be granted.

An appropriate Order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 19, 2023